*KENYON COLLEGE V. JOHN K. SCHNEBLY, TREAS.

1. STATUTORY EXEMPTION FROM TAXATION NOT LIMITED TO COLLEGE PROPERTY EX-CLUSIVELY USED FOR EDUCATIONAL PURPOSES.

Section 2732 Rev. Stat., exempting from taxation "all colleges, public academies, all buildings connected with the same and all lands connected with public institutions of learning, not used with a view to profit," is not limited to such buildings and property as may be used exclusively for literary and educational purposes but includes all property with reasonable certainty used in furthering or carrying out the necessary objects and purposes of such institutions. Hence, college property consisting of residences occupied rent free by the president, professors and head janitor thereof, though not used exclusively for educational or literary purposes, are exempt from taxation under Sec. 2732 Rev. Stat.

2. PREPARATORY SCHOOL PROPERTY NOT TAXABLE.

A contract by which certain persons were to take charge of and conduct a grammar school and preparatory department for a college and pay the college a stipulated sum yearly, and encourage students subsequently to attend the college, the college also applying part of the money received from such students for improvements, etc., on the property, is not a contract with a view to profit on the part of the college within the meaning of Sec. 2732 Rev. Stat. and such property is not taxable.

3. LANDS USED WITH A VIEW TO PROFIT NOT EXEMPTED.

Vacant and other unproductive lands of a college are within the provisions of Sec. 2732 Rev. Stat., exempting "all lands connected with public institutions of learning, not used with a view to profit;" but lands used and rented for agricultural and pasturing purposes and a water pumping station, supplying water to buildings and residences of college professors and vending the same to citizens of the town where located, being for revenue are subject to taxation.

[Syllabus approved by the court.]

APPEAL from Knox common pleas court.

H. H. & R. M. Greer, for plaintiff.

W. A. Hosack, for defendant:

Rule of construction. *Kendrick* v. *Farquhar*, 8 Ohio 189; *Cincinnati College* v. *State*, 19 Ohio 110; *Lee* v. *Sturges*, 46 Ohio St. 153 [19 N. E. Rep. 560; 2 L. R. A. 556]; *Gerke* v. *Purcell*, 25 Ohio St. 229; *Watterson* v. *Halliday*, 77 Ohio St. 150 [82 N. E. Rep. 962]; *Meyers* v. *Akins*, 4 Circ. Dec. 425 (8 R. 228); *Cleveland Library Assn.* v. *Pelton*, 36 Ohio St. 253; *Little* v. *Seminary*, 72 Ohio St. 417 [74 N. E. Rep.

---

*Modifying *Kenyon College* v. *Schnebly*, 19 Dec. 432 (8 N. S. 160).

193]; *Portland Hibernian Ben. Soc.* v. *Kelly,* 28 Ore. 173 [42 Pac. Rep. 3; 30 L. R. A. 167; 52 Am. St. Rep. 769].

Property used as residences. *Kendrick* v. *Farquhar,* 8 Ohio 189; *Watterson* v. *Halliday,* 77 Ohio St. 150 [82 N. E. Rep. 962]; *Cincinnati College* v. *State,* 19 Ohio 110; *Gerke* v. *Purcell,* 25 Ohio St. 229; *Ramsey Co.* v. *College,* 51 Minn. 437 [53 N. W. Rep. 704; 18 L. R. A. 278].

## TAGGART, J.

This cause was heard on appeal from the court of common pleas.

The plaintiff, Kenyon College, by this action, seeks to restrain the collection of a large amount of taxes and penalty which has been placed on the tax duplicate of Knox county against certain tracts and parcels of land owned by it, for the years 1901 to 1907, inclusive, claiming that the same are exempt from taxation.

The defendant, treasurer of the county, by his answer and cross petition, seeks to obtain a judgment for these taxes, and a sale of the property for their nonpayment, and denies that said tracts of land, or any part thereof, is exempt.

From the evidence in the case we learn that the plaintiff is incorporated under the laws of Ohio as an educational institution, authorized and empowered to "confer degrees in the arts and sciences, and to perform all other acts as pertain unto the faculty of colleges for the encouragement and reward of learning and shall have power to establish in connection with said college a college and halls for preparatory education."

The property involved herein may be grouped into the following classes:

1. Residences, occupied by the president and professors in the college, and by the head janitor of the college.

2. Lands; a portion of which are used for agricultural purposes, and from which a revenue is derived, either in crops or rental for pastures.

3. Vacant lands.

4. Pumping station and standpipe.

5. The academy grounds and buildings.

It appears that the college has a number of residences which are occupied by the members of the faculty of the college. It has been the policy of the college to permit such of its professors as are married, and also its president, to use these residences, rent free. It further appears that they are primarily residences, and no literary exercises or instructions are conducted therein. One of the houses is occupied by

the head janitor, who resides therein under a similar arrangement. There are also several tracts of land which are farmed; or, under the direction of a superintendent, are rented for pasturage, and from these a profit is realized.

There are also several tracts that are vacant, not devoted to agriculture, and from which no profit is derived, unless in the future the same should be sold at an enhanced value. It does not appear to what purpose these tracts of land are to be devoted, or whether the college has fully determined the use to which they are to be put, or to what they are adapted, or the future policy in respect thereto.

The pumping station and the standpipe were installed in the first instance for the purpose of furnishing water for the college buildings, and afterwards, upon the application of certain citizens of Gambier, water was supplied to residences of Gambier, so that the college has been receiving from the sale of water about $200 per year.

The academy buildings and grounds were occupied, prior to 1900, by the preparatory department of the college, and at or about this time the trustees contracted with Hills & Wyant to conduct a school which should prepare its students for Kenyon College. This contract was to continue for three years, with the privilege of two years' extension. Among other things contained in this contract was a stipulation, that there should be a rental of $2,000, together with provisions, that there should be close relations established between the school and the college, and that a portion of the money received for room rent from students, sent from the school to Kenyon College, should be returned to Hills & Wyant, and devoted to the improvement of the buildings and grounds. This arrangement continued until about the year 1906, when fire destroyed all the buildings, or a greater part of the same, since which time the school has not been in operation.

The plaintiff claims exemption from taxation on all this property under favor of Sec. 2732 Rev. Stat., a portion of which is as follows: "The following property shall be exempt from taxation: * * * all public colleges, public academies, all buildings * * * connected with public institutions of learning, *not used with a view to profit.*"

It appears from the evidence in this case, that there are many buildings connected with Kenyon College and lands surrounding the same, which are not taxed, and no claim is made that the same are taxable. It is apparently conceded, that Kenyon College, so far as some of its lands and buildings are concerned, falls within the class of institutions that are exempt from taxation. So that the question in this case arises on the construction of this part of the statute just quoted. As to

Kenyon College v. Schnebly.

the rule or construction to be employed, it is contended by the defendant that, "where an exception or exemption is claimed, the intention of the general assembly to except must be expressed in clear and unambiguous terms." *Lee* v. *Sturges,* 46 Ohio St. 153, 159 [19 N. E. Rep. 560; 2 L. R. A. 556]. The Supreme Court, in the case of *Watterson* v. *Halliday,*. 77 Ohio St. 150, 169 [82 N. E. Rep. 962], has adopted a different rule:

"Where religious, charitable and educational institutions seek exemptions, we think such right of exemption should appear in the language of the constitution or statute, with reasonable certainty, and not depend upon their doubtful construction."

In the case of *Little* v. *Seminary,* 72 Ohio St. 417, 428 [74 N. E. Rep. 193], the Supreme Court, in effect says, that the court in its interpretation of statutes is not required or permitted to go beyond the plain meaning of the language which the legislature has used to express its, intention.

So that we must determine whether or not it was the legislative intent that the residences of professors, or residences occupied by the president and professors, are exempt from taxation, judging from the plain meaning of the language employed. While the college is a "corporation," it is also defined as the "building" or "collection of buildings. used by the college." Another meaning is, "A society of scholars, incorporated for the purposes of study or instruction." So that the plain meaning of this statute is as follows: "All public colleges, public academies, all buildings connected with the same, are exempt from taxation." All buildings connected with the same refers to "public colleges" and "public academies," and refers to buildings that are associated with, or assist in carrying out, the uses and purposes of the institution known and designated by the terms, college or academy.

It is urged upon our attention by the defendant, that these houses. or residences are not used, "*exclusively,*" for literary purposes, and that unless used exclusively for literary purposes, or for the purpose of instruction, that they are not exempt.

But there are many buildings connected with colleges and academies which are necessary for the proper conduct of the business of' the college, in which literary exercises do not take place, and which are not employed for the purpose of giving instruction. Many buildings are employed for the purpose of storing the necessary equipment and apparatus of the college, or for the purpose of carrying on the experiments, or for the purpose of storing the archives and records of' the college, and conducting its financial affairs; yet, because these, or any of these, are carried on in the buildings, or a portion thereof, it;

cannot be said, that they are not devoted to the uses and purposes of the college. It appears that the occupation of these residences grew from the necessities of the case; that adequate accommodations and facilities were not at hand for the president and professors.

We can see no difference between these members of the faculty occupying these residences, free of rent, than if they were lodging in the other buildings of the college; but the plain language of the statute is, "All public colleges, public academies, or buildings connected with the same, are exempt." And we think it was the purpose to exempt all buildings that were with *reasonable certainty* used in furthering or carrying out the necessary objects and purposes of the college. We do not think the term, "not used with a view to profit" refers to or controls the clauses, "all public colleges, public academies, or buildings connected with the same," but refers simply to the clause preceding it in the statute—"all lands connected with public institutions of learning, not used with a view to profit." But it is insisted that the case of *Kendrick* v. *Farquhar,* 8 Ohio 189, is a case controlling this question. That being the case in which the direct question was involved, as to whether a house occupied by the professor was exempt from taxation under the law, as it then stood. But looking to the law at that time, there was an expressed exclusion from exemption of buildings, or any of them, not occupied for literary purposes, and, upon this provision of the law, it was held that the residences occupied by professors were subject to taxation. So that, with this view of the law and its construction, we think the residences occupied by the president and professors and the janitor, are exempt from taxation. And that brings us to the next question, in respect to lands, a portion of which is now used for agricultural purposes, and from which a revenue is derived: We think the statute is clear, that all lands connected with public institutions of learning, "*not used with a view to profit,*" are exempt, and the portions of the land herein which are given to agricultural purposes, and which are rented for pasturage are subject to taxation.

The vacant lands, which are not employed in any way, and from which no revenue is derived, we also think are exempt from taxation.

In respect to the pumping station: While the college was justified in installing a pumping station and maintaining the same, yet it is not authorized by its act of incorporation to engage in the vending of water to the citizens of the village of Gambier, and by so employing this pumping station, so as to derive a revenue therefrom, renders such portion of its property subject to taxation, so long as it continues to supply water to those other than the college.

Kenyon College v. Schnebly.

In respect to the academy grounds: We are of the opinion, that while the arrangement was entered into between Hills & Wyant for the conduct of a school in the buildings, and on said grounds, that this was within the power and authority of the college; that its primary purpose was not to rent this property for the purpose of securing a revenue, but its primary object was to carry out the purposes contained in its charter, viz., the conduct and maintenance of the preparatory school; that the same was a public academy, and that, until the destruction of the buildings, the same were directly connected with Kenyon College, and directly and necessarily associated therewith and a part thereof. However, since said date, so much of the grounds as may have been employed to produce a revenue we think would be subject to taxation, so long as they are so used. It does not seem to us, from the proof, that the building or buildings remaining on said grounds have lost their character as being connected with the college, they not having been used or employed for any purpose inconsistent with the uses and purposes of the college.

But speaking with reference to these buildings and the residences hereinbefore mentioned, it is strongly urged upon our attention that the case of *Watterson* v. *Halliday, supra,* is controlling in this case. Counsel urge upon our attention the following part of the opinion of the court found on page 180, to wit: "The use to which the property is devoted determines its right to exemption, under any clause of the section," and claim that the uses to which those buildings and lands are devoted are for the purpose of securing a revenue, and that being so devoted to this purpose, they are not exempt; that the residences fall within the same class as the parish houses or parochial residences of the priests and bishops, which it was claimed were exempt in the case under consideration.

But an examination of this case discloses that the legislature have used entirely different language with respect to parish houses and residences of priests and bishops of the Roman Catholic Church, or of any other church, than that which is employed in respect to buildings connected with public colleges and public academies. The language of the statute which was under consideration in this case is as follows: "All public school houses and houses used *exclusively* for public worship;" it being claimed further that these residences or parish houses were buildings "belonging to institutions of purely public charity."

The court, in this case, based its decision upon two grounds: "That the houses were not used exclusively for public worship; neither were they buildings belonging to institutions of purely public charity; the

court finding that the Roman Catholic Church, while it is engaged in charitable works, its chief and primary object was not charity, but its chief and primary purpose and object was the teaching and extending of its recognized form of religious belief and worship into all parts of the world, and was founded to continue the work of Christ upon earth and to teach, govern, sanctify and save all men.''

So that we think that the case at bar is clearly distinguishable from the case of *Watterson* v. *Halliday, supra.*

A decree may be entered along the lines indicated herein, in favor of the plaintiff, restraining the collection of all taxes that have been improperly assessed; a decree may be entered in favor of the defendant for the taxes which are found herein to be a proper charge against the real estate of the plaintiff; and an order of sale may issue therefor.

**Donahue** and **Voorhees, JJ.,** concur.